IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON AUGUSTUS WALZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-103 |
| ) | |
| TENNESSEE DEPARTMENT OF CORRECTIONS, ) | Judge Haynes |
| CORRECTIONS CORPORATION OF AMERICA, ) | |
| CHERRY LINDAMOOD, ) | |
| OFFICER RAINWATER, JESSICA GARRETT, ) | |
| REUBEN HODGE, CAROLYN JORDAN, ) | |
| and ADAM LAWSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Jason Augustus Walz, an inmate currently detained at the Davidson County Sheriff's Office Criminal Justice Center in Nashville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 alleging violations of his civil rights while he was housed at the South Central Correctional Center in Clifton, Wayne County, Tennessee. (ECF No. 1.)

By contemporaneously entered Order, the Court has granted Plaintiff's application to proceed *in forma pauperis* (ECF No. 2). Under the Prison Litigation Reform Act (PLRA), the courts are required to conduct an initial screening of a prisoner's civil complaint if it is filed *in forma pauperis* or if it seeks redress from a governmental entity or official, and to dismiss the complaint if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. In performing the screening, the Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

For the reasons set forth herein, the Court will dismiss most of Plaintiff's claims but will allow a few to proceed beyond initial screening for further development. Specifically, the Court will allow Plaintiff's individual-capacity § 1983 claim against Defendant Rainwater to proceed. The Court will also allow

Plaintiff's state-law claim against Defendant Lawson for assault and battery to proceed. All other claims will be dismissed for failure to state a claim upon which relief may be granted.

I. **FACTUAL ALLEGATIONS**

Plaintiff in this case names as defendants the Tennessee Department of Corrections ("TDOC"), Corrections Corporation of American ("CCA"), former Prison Warden Cherry Lindamood,[1] Grievance Chairperson Jessica Garrett, Assistant TDOC Commissioner Reuben Hodge, TDOC Commissioner Designee Carolyn Jordan, Officer Rainwater, and fellow inmate Adam Lawson. Plaintiff does not indicate whether the state-employee defendants are sued in their individual or official capacities, so the Court will presume that they are named in both capacities.[2]

Plaintiff alleges that on January 1 or 2, 2011, he was assaulted in his cell by defendant Adam Lawson, a fellow inmate whom Plaintiff had never seen before that day and who does not reside in the same unit of the prison as Plaintiff. Without provocation, Lawson struck Plaintiff in the mouth with an object the Plaintiff could not identify, splitting Plaintiff's lip in two, causing him to lose two teeth and to require stitches to repair his lip.

Plaintiff claims that after Lawson assaulted him, Lawson immediately went to Officer Rainwater and told him to "Hurry up let me out of this unit . . . . Hurry before they come." (ECF No. 1, at 4.) Plaintiff alleges he witnessed Officer Rainwater let Lawson out of the unit, and that Officer Rainwater knew that Lawson was not assigned to the unit in which Plaintiff resided, and knew that Lawson had assaulted Plaintiff. He specifically alleges that Rainwater "knew the rules about letting people in the unit but did not follow the Rules, and Officer Rainwater violated security procedures by letting Mr. Lawson in the Unit." (ECF No. 1, at 5.)

For relief, Plaintiff demands damages in the amount of $50,000 for pain and suffering, and also

---

[1] The current warden of South Central Correctional Center is Arvil "Butch" Chapman. For purposes of any official-capacity claims against the Warden of the facility, Chapman should be deemed substituted for former Warden Lindamood. Because the Court will dismiss the official-capacity claims prior to service on the defendants, this substitution is basically moot.

[2] The Court's official form for § 1983 complaints contains boxes to check to indicate in what capacity each defendant is named. The form used by Plaintiff in this case does not include this feature.

requests that Defendants be required to fix his teeth and to pay for lifetime dental care.

### C. The Individual-Capacity Claim against Officer Rainwater

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Officer Rainwater, whether he is a state employee or an employee of CCA, was acting "under color of state law" when performing tasks as a corrections officer at South Central Correctional Center. *Street*, 102 F.3d at 814. However, because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the next step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment to the United States Constitution prohibits, among other things, "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has construed this prohibition to impose upon prison guards the duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official may be individually liable under § 1983 for a prisoner's assault on another prisoner only if two requirements are met: (1) The alleged constitutional deprivation must be "sufficiently serious"; and (2) the prison official must have been "deliberately indifferent" to inmate health or safety." *Id.* Thus, a prisoner-plaintiff may establish an Eighth Amendment claim under § 1983 against a prison official for failing to protect the plaintiff from assault by another inmate if the plaintiff proves that "the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Of course, "prisons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another." *Id.* at 858 (Thomas, J. concurring). As a result, some level of violence might be unavoidable no matter what precautions are taken, and officers cannot be

expected to prevent every assault before it occurs or to stop an assault in progress before injuries are inflicted. However, in this case, Plaintiff has alleged that Officer Rainwater intentionally broke violated safety regulations by letting Adam Lawson into and out of Plaintiff's unit under irregular circumstances. The allegations in the complaint fairly give rise to an implication that by breaking rules whose purpose was to prevent the type of assault that occurred here, Officer Rainwater knew that he was creating a risk to inmates' safety, that is, that he "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837. Thus, based on the facts alleged the Court will allow the claim against Officer Rainwater in his individual capacity to proceed past initial screening for further development. In permitting this claim to proceed, the Court passes no judgment on the ultimate outcome of the claim.

### D. The Claims against Lawson

With respect to Lawson, Plaintiff has not stated a claim under § 1983, because it is clear that Lawson, a fellow inmate, was not acting "under color of state law" or in any way acting on behalf of the state. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). To the extent Plaintiff is attempting to state a § 1983 claim against Lawson, such claim is subject to dismissal for failure to state a claim.

Plaintiff has, however, articulated state-law claims for assault and battery against Lawson, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in light of the Court's original jurisdiction over the § 1983 claim against Officer Rainwater. The state-law claims against Lawson will be allowed to proceed. The Court, again, passes no judgment on the ultimate outcome of these claims.

### E. The Claims against the State Agency and State Officials in their Official Capacity

TDOC, a state agency, and the state-employee defendants acting in their official capacities are not considered "persons" subject to suit under § 1983, because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and as such "is not different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," *id.*,

the § 1983 claims for damages against TDOC and the official-capacity claims against all the state-employee defendants are subject to dismissal.[3]

### F. The Claims against the State Officials in their Individual Capacity

With respect to the individual-capacity claims against defendants Lindamood, Garrett, Hodge, and Jordan, it is well settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978) (holding that § 1983 liability cannot be based upon a theory of *respondeat superior*). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff has not alleged that defendants Lindamood, Garrett, Hodge, or Jordan had any personal involvement in the acts leading up to the assault, much less that they implicitly authorized, approved or acquiesced in Rainwater's rule-bending or in the actual assault. Consequently, the individual-capacity claims against Lindamood, Garrett, Hodge, and Jordan are subject to dismissal for failure to state a claim upon which relief may be granted.

### G. The Claims against CCA

CCA, as a private corporation exercising powers that are traditionally reserved to the state, may be a person acting under color of law for purposes of a § 1983 action. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). However, CCA is liable for the actions of its employees under § 1983 only if there is a direct causal link between the alleged constitutional tort and a CCA policy or custom. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403–04 (1997); *Monell*, 436 U.S. at 691. Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the exeution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz*

---

[3] A state official acting in his official capacity may be sued under § 1983 for injunctive relief "because "official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 (1989). Plaintiff here does not seek prospective injunctive relief.

v. Vill. of Bradford, 245 F.3d 869 (6th Cir. 2001)).

Plaintiff here has not alleged the existence of a CCA policy or custom that is causally related to his injuries. To the contrary, Plaintiff specifically alleges that Officer Rainwater violated prison rules by letting Adam Lawson into Plaintiff's Unit. Consequently, the claims against CCA will be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons set forth herein, the § 1983 claim against defendant Rainwater in his individual capacity and the state-law claims against defendant Lawson will be permitted to proceed. The Court will enter a separate order referring those claims to the Magistrate Judge for further development and dismissing the remaining claims.

This the 25th day of January, 2011.

William J. Haynes, Jr.
United States District Judge